IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAM HARRIS and )
ROBERT P. MAY, )
)
      Plaintiffs, )
) CIVIL ACTION FILE
v. )
) NO. 1:11-CV-01112-MHS-CCH
SUNTRUST MORTGAGE, INC. and )
McCALLA RAYMER, LLC, )
)
      Defendants. )
_____ )

## SUNTRUST MORTGAGE, INC.'S PORTION OF
## PRELIMINARY REPORT AND DISCOVERY PLAN

COMES NOW, SUNTRUST MORTGAGE, INC. ("SunTrust Mortgage"), one

of the named Defendants in the above-styled civil action, by and through its

undersigned counsel, and, in response to the Court's Order entered June 7, 2011

[Doc. No. 23] and pursuant to Federal Rules of Civil Procedure 16 and 26, and LR

16.2 (N.D. Ga.), independently herewith submits its portion of the joint Preliminary

Report and Discovery Plan.

**1.**    **Description of Case:**

    (a)    Describe briefly the nature of this action.

1

Plaintiffs position is as follows: To be provided by the Plaintiffs.

Defendant McCalla Raymer, LLC's position is as follows:  To be provided by Defendant McCalla Raymer ("McCalla Raymer").

Defendant SunTrust Mortgage's position is as follows: Pam Harris and Robert P. May (collectively, the "Plaintiffs") brought this action against SunTrust Mortgage and McCalla Raymer, asserting claims under, *inter alia*, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA").  In the instant action, Plaintiffs have attempted to aver vague, conclusory and unsubstantiated allegations against the named Defendants for, *inter alia*, breach of contract, mortgage fraud and abuse, wrongful foreclosure, unjust enrichment, conversion and fraud, and for violations of FDCPA and RESPA.[1]  Plaintiffs seek a judgment against the named Defendants in the amount of Five Million Dollars ($5,000,000.00) for these alleged violations and also seek to recover actual and statutory damages, court costs, and attorney's fees.

---

[1]    Plaintiffs fail to distinguish in their "First Amended Verified Complaint for Damages" (hereinafter, "Plaintiffs' Amended Complaint" or, alternatively, the "Complaint") between those allegations directed at SunTrust Mortgage and those allegations directed at McCalla Raymer.

In its answer, SunTrust Mortgage denies all liability and further denies that it failed to comply with the requirements of RESPA.  Defendant SunTrust Mortgage further asserts that it is not a "debt collector", as that term is defined in the FDCPA, and, thus, the statute does not apply.  Defendant SunTrust Mortgage seeks a declaration by the Court that no RESPA violation(s) occurred and, as such, the Plaintiffs[2] are not entitled to statutory penalties, attorney's fees or damages from SunTrust Mortgage under any theory.

(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

Plaintiffs' position is as follows: To be provided by the Plaintiffs.

Defendant McCalla Raymer's position is as follows: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage's position is as follows: SunTrust Mortgage financed a purchase money loan for Plaintiff Robert P. May ("Mr. May") on or about January 23, 2007 (the "SunTrust Mortgage Loan" or, alternatively, the "Loan").  Mr. May used the proceeds from the Loan to purchase the real property located at and

---

[2]  SunTrust Mortgage contends that Plaintiff Pamela Harris lacks standing to bring most, if not all, the claims raised in the Complaint.

more commonly known as 87 Peachtree Street, Unit 306, Atlanta, Fulton County, Georgia 30303 and the improvements thereon (the "subject property" or, alternatively, the "Property").  To evidence the Loan, Plaintiff Pam Harris ("Ms. Harris"), acting as attorney-in-fact for Mr. May, executed an adjustable rate promissory note, in the amount of One Hundred  Twenty-four Thousand Nine Hundred Sixty Dollars ($124,960.00) and dated January 26, 2007, in favor of SunTrust Mortgage (the "SunTrust Mortgage Note").  Ms. Harris, individually and acting as attorney-in-fact for Mr. May, executed and delivered a security deed, also dated January 26, 2007, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely in its capacity as nominee for the Lender [SunTrust Mortgage] and the Lender's successors and assigns in the financing transaction, conveying the subject property as repayment of the SunTrust Mortgage Loan evidenced by the SunTrust Mortgage Note (the "SunTrust Mortgage Security Deed"); the SunTrust Mortgage Security Deed was filed and recorded on February 7, 2007 in Deed Book 44420, Pages 479-501, Fulton County, Georgia Records.

Mr. May also obtained a second mortgage loan from SunTrust Mortgage on or about January 26, 2007 in the amount of Thirty-one Thousand Two Hundred Forty Dollars ($31,240.00) (the "SunTrust Mortgage Second Loan") (collectively, the

SunTrust Mortgage Loan and the SunTrust Mortgage Second Loan, totaling One Hundred Fifty-six Thousand Two Hundred Dollars ($156,200.00), are hereinafter referred to as the "SunTrust Mortgage Loans").   To secure repayment of the SunTrust Mortgage Second Loan, Ms. Harris, acting as attorney-in-fact for Mr. May, executed an adjustable rate promissory note [evidencing a secondary lien], in the amount of Thirty-one Thousand Two Hundred Forty Dollars ($31,240.00) and dated January 26, 2007, in favor of SunTrust Mortgage (the "SunTrust Mortgage Second Note").   To secure repayment of the SunTrust Mortgage Second Note, Ms. Harris, individually and acting as attorney-in-fact for Mr. May, executed a security deed also dated January 26, 2007, conveying the Property to MERS, acting solely as nominee for SunTrust Mortgage, the Lender in the second financing transaction, and the Lender's successors and assigns (the "SunTrust Mortgage Second Security Deed"); the SunTrust Mortgage Second Security Deed was filed and recorded on February 7, 2007 in Deed Book 44420, Pages 502-509, Fulton County, Georgia Records.

Plaintiffs subsequently defaulted on the Loan by failing to make the payments required by the SunTrust Mortgage Note and the SunTrust Mortgage Security Deed. Based upon the Plaintiffs' failure to make the mortgage payments and pursuant to

its rights under the SunTrust Mortgage Security Deed, SunTrust Mortgage accelerated the debt and retained the law firm of McCalla Raymer to institute non-judicial foreclosure proceedings on the subject property. McCalla Raymer provided the Plaintiffs with all statutory notice(s) of foreclosure as required under federal and state guidelines. The Property has not been sold under Deed Under Power.

Upon information and belief, Plaintiffs filed the instant lawsuit on November 24, 2010 in the Superior Court of Fulton County, Georgia. On March 8, 2011, Plaintiffs filed their Amended Complaint. SunTrust Mortgage removed the case to this Court on April 7, 2011 [Doc. No. 1], and filed its Answer to the Amended Complaint on April 29, 2011 [Doc. No. 19].

Plaintiffs have not paid, and are not currently paying, their mortgage and are presently in adverse possession of the Property although, upon information and belief, the Plaintiffs are currently residing elsewhere.

(c)     The legal issues to be tried are as follows:

Plaintiffs contend: To be provided by the Plaintiffs.

Defendant McCalla Raymer contends: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage contends:

      (1)      Whether SunTrust Mortgage is subject to the FDCPA within the context of the instant litigation;

      (2)      Whether a violation of the FDCPA has occurred;

      (3)      Whether a RESPA has violation occurred; and

      (4)      Whether SunTrust Mortgage can have any liability to either of the Plaintiffs under their other causes of action.

      (d)      The cases listed below (include both style and action number) are:

      (1)      Pending Related Cases:

Plaintiffs contend: To be provided by the Plaintiffs.

Defendant McCalla Raymer contends: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage contends: None.

      (2)      Previously Adjudicated Related Cases:

Plaintiffs contend: To be provided by the Plaintiffs.

Defendant McCalla Raymer contends: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage contends:  None.

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

Plaintiffs contend: To be provided by the Plaintiffs.

Defendant McCalla Raymer contends: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage contends this case is not complex.

_____ ( 1)     Unusually large number of parties

_____ ( 2)     Unusually large number of claims or defenses

_____ ( 3)     Factual issues are exceptionally complex

_____ ( 4)     Greater than normal volume of evidence

_____ ( 5)     Extended discovery period is needed

_____ ( 6)     Problems locating or preserving evidence

_____ ( 7)     Pending parallel investigations or action by government

_____ ( 8)     Multiple use of experts

_____ ( 9)     Need for discovery outside United States boundaries

_____ (10)     Existence of highly technical issues and proof

**3.**   **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs: To be provided by the Plaintiffs.

Defendant McCalla Raymer: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage: Monica K. Gilroy

**4.**   **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

\_\_\_   Yes   \_X\_   No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.   When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.   Each objection should be supported by authority.

**5.**   **Parties to This Action:**

(a)   The following persons are necessary parties who have not been joined:

Plaintiffs contend: To be provided by the Plaintiffs.

Defendant McCalla Raymer contends: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage contends: None at this time.

(b)     The following persons are improperly joined as parties:

Plaintiffs contend: To be provided by the Plaintiffs.

Defendant McCalla Raymer contends: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage contends: None at this time.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

Plaintiffs contend: To be provided by the Plaintiffs.

Defendant McCalla Raymer contends: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage contends: None at this time.

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.     **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

Plaintiffs contend: To be provided by the Plaintiffs.

Defendant McCalla Raymer contends: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage contends: None at this time.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.     **Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)    *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:

Plaintiffs' position: To be provided by the Plaintiffs.

Defendant McCalla Raymer's position: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage contends that initial disclosures are appropriate and, therefore, has no objection.

NOTE:  Your initial disclosures should include electronically stored information. Refer to FED. R. CIV. P. 26(a)(1)(B).

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

Plaintiffs' position: To be provided by the Plaintiffs.

Defendant McCalla Raymer's position: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage does not request a scheduling conference with the Court at this time.

**10.   Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to

initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-month discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiffs' position: To be provided by the Plaintiffs.

Defendant McCalla Raymer's position: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage's position: 1) the real estate closing on January 26, 2007, 2) Plaintiffs' subsequent payment history on the subject loan, and 3) McCalla Raymer's foreclosure file.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery

should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Plaintiffs' position: To be provided by the Plaintiffs.

Defendant McCalla Raymer's position: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage does not currently anticipate that a time extension, phasing, limitation or focusing of discovery is needed.

**11.    Discovery Limitation:**

(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

Plaintiffs' position: To be provided by the Plaintiffs.

Defendant McCalla Raymer's position: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage's position: None.

(b)     Is any party seeking discovery of electronically stored information?

___   Yes    _X_   No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope fo production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows: N/A.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows: N/A.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Plaintiffs' position: To be provided by the Plaintiffs.

Defendant McCalla Raymer's position: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage does not believe any such order(s) are required at this time.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on _____, 2011, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

Defendant SunTrust Mortgage states that, to date, counsel for the respective parties have not conducted a Rule 26(f) conference in this matter, with the exception of informal discussions among counsel for the parties regarding the dismissal of SunTrust Mortgage from this case in light of the pending Motion to Dismiss filed by Defendant McCalla Raymer [Doc. No. 9].

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

Plaintiffs contend: To be provided by the Plaintiffs.

Defendant McCalla Raymer contends: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage contends:

(__)   A possibility of settlement before discovery.

(__)   A possibility of settlement after discovery.

(__)   A possibility of settlement, but a conference with the judge is needed.

(_X_)   No possibility of settlement.

(c)   Defendant SunTrust Mortgage (_X_) does or does not (___) intend to hold additional settlement conferences with counsel for the Plaintiffs and counsel for Defendant McCalla Raymer prior to the close of discovery.  The proposed date of the next settlement conference is TBD.

(d)   The following specific problems have created a hindrance to settlement of this case:

Plaintiffs' position: To be provided by the Plaintiffs.

Defendant McCalla Raymer's position: To be provided by Defendant McCalla Raymer.

Defendant SunTrust Mortgage's position: Defendant McCalla Raymer filed a Motion to Dismiss Plaintiffs' Amended Complaint in this action on April 15, 2011

(the "Motion to Dismiss"), which motion is fully dispositive of the issues in this case. [Doc. No. 9].   The Motion to Dismiss was submitted to U.S. Magistrate Judge Christopher C. Hagy on May 23, 2011 and remains pending.  Further, counsel for the Plaintiffs, Robert T. Thompson and Seth N. Katz, have filed Motion(s) to Withdraw as Attorney(s) for Plaintiffs. [Doc. No(s). 17 and 18, respectively].   These Motions were submitted to Magistrate Judge Hagy on May 17, 2011 and also remain pending. Counsel for SunTrust Mortgage has had numerous discussions with Plaintiffs' counsel regarding the impact their withdrawal may effect on the subsequent ability to dismiss the case against SunTrust Mortgage.

**12.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_) do consent to having this case tried before a magistrate judge of this court.   A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this _____ day of _____, 2011.

(b)    Defendant SunTrust Mortgage (X) does not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 23rd day of June, 2011.

DICKENSON GILROY LLC

_____

MONICA K. GILROY
Georgia Bar No. 427520
TANIA T. TRUMBLE
Georgia Bar No. 720348
ATTORNEYS FOR DEFENDANT
SUNTRUST MORTGAGE, INC.

DICKENSON GILROY LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com
        Tania.Trumble@dickensongilroy.com

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2011.


_____
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

## <u>FONT CERTIFICATION</u>

The undersigned counsel for named Defendant SunTrust Mortgage, Inc.

hereby certifies that the within and foregoing SunTrust Mortgage, Inc.'s Portion of

Preliminary Report and Discovery Plan was prepared using Book Antiqua 13-point

font in accordance with LR 5.1C (N.D. Ga.).

This 23rd day of June, 2011.

_____
MONICA K. GILROY
Georgia Bar No. 427520
ATTORNEY FOR DEFENDANT
SUNTRUST MORTGAGE, INC.

DICKENSON GILROY LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAM HARRIS and )
ROBERT P. MAY, )
 )
       Plaintiffs, )
 )   CIVIL ACTION FILE
v. )
 )   NO. 1:11-CV-01112-MHS-CCH
SUNTRUST MORTGAGE, INC. and )
McCALLA RAYMER, LLC, )
 )
       Defendants. )
_____ )

## CERTIFICATE OF SERVICE

     I hereby certify that, in accordance with LR 5.1A (N.D. Ga.), I have this date

electronically filed the within and foregoing Defendant **SUNTRUST MORTGAGE,**

**INC.'S PORTION OF PRELIMINARY REPORT AND DISCOVERY PLAN** in the

above-captioned civil action with the Clerk of Court using the CM/ECF system,

which will automatically send e-mail notification of such filing to all counsel of

record in this matter as follows:

Charles B. Pekor, Esq.
chuckpekor@yahoo.com
PEKOR & ASSOCIATES, LLC
3355 Lenox Road, NE
Suite 450, Lenox Center
Atlanta, Georgia 30326
      *Counsel for Plaintiffs*

Robert T. Thompson, Jr., Esq.
rthompson@thomlaw.net
Seth N. Katz, Esq.
skatz@thomlaw.com
THOMPSON LAW, LLC
P.O. Box 53484
Atlanta, Georgia   30355-1484
      *Counsel for Plaintiffs*

Kent E. Altom, Esq.
kea@mccallaraymer.com
J. Thomas Howell, Esq.
jth@mccallaraymer.com
Steven J. Flynn, Esq.
sjf@mccallaraymer.com
MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
      *Counsel for Defendant McCalla Raymer, LLC*

This 23rd day of June, 2011.

[SIGNATURE FOLLOWS ON NEXT PAGE]

/s/ Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
ATTORNEY FOR DEFENDANT
SUNTRUST MORTGAGE, INC.

DICKENSON GILROY LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com